UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22489-CIV-GRAHAM/GOODMAN

PASCAL A. STROUD,

    Plaintiff,
v.

BANK OF AMERICA, et al.,

    Defendants.
_____/

### ORDER ON DISCOVERY MOTIONS

THIS CAUSE is before the Undersigned on Plaintiff's Motion to Compel and Defendants' Joint Motion for Protective Order. [ECF Nos. 47; 54]. The Court held a hearing on these motions on February 24, 2012. [ECF No. 58]. The Court's rulings, as made on the record during the hearing, are memorialized as follows:

**I.    MOTION FOR PROTECTIVE ORDER**

Defendants' Motion for Protective Order is **granted in part and denied in part**, to the extent that the Court will enter a protective order in this case but not in the precise form proposed. To that end, the Defendants shall file a revised proposed protective order, in the form discussed during the hearing, for the Court's signature **by no later than Wednesday, February 29, 2012**. By way of summary, the revisions should include (1) a modification to the "Attorneys Eyes Only" designation so that the proposed order specifically and unequivocally permits Plaintiff to review all documents containing this designation and (2) a modification that imposes the "good faith" standard on "Confidential" designations in the same fashion that this standard already applies to "Attorney Eyes Only" designations.

## II.    MOTION TO COMPEL

All additional discovery responses, except as indicated below with regard to request for admission number 9, that are either required by this order or that Defendants agreed to make as a result of the protective order, shall be provided **no later than March 5, 2012**.  All such responses may be designated "Confidential" or "Attorneys Eyes Only" pursuant to the protective order, if appropriate.  Experian is instructed, however, that if it requires additional time to respond to any request, then it shall still produce the available responses by March 5, 2012 and timely seek an extension of time only as to those requests requiring additional time.  In other words, Experian shall engage in what is sometimes known as "rolling production" in order to avoid undue delay.

### a.   REQUESTS FOR ADMISSION

#### i.   Numbers 1 Though 3

As a result of obtaining the protective order, Experian agrees to provide supplemental responses to requests for admission 1 through 3.  Plaintiff's motion to compel is therefore denied as moot as to these requests but Experian shall provide the responses as agreed by the date identified in this order.

#### ii.   Number 4

Plaintiff's motion to compel is granted as to this request for admission.  At the hearing, Experian explained that it found the phrase "permissible purpose" vague because it was not certain if Plaintiff intended to reference this phrase's specific statutory meaning or whether he used the term as understood in common parlance.  To avoid this ambiguity, Experian shall provide a supplemental response addressing both uses of the phrase.

### iii. Number 5

As a result of obtaining the protective order, Experian agrees to provide supplemental responses to request for admission 5. Plaintiff's motion to compel is therefore denied as moot as to this request but Experian shall provide the responses as agreed by the date identified in this order.

### iv. Number 6

Plaintiff's motion to compel is granted as to this request for admission. Experian shall provide a supplemental response addressing whether Experian investigates and/or considers the legality of underlying documents relating to the legal status of an account when faced with a claim of identity theft.

### v. Number 7

Experian indicated during the hearing that its response to this request was already supplemented and Plaintiff stated he no longer seeks relief as to this request. Plaintiff's motion is therefore denied as moot as to this request.

### vi. Number 8

Plaintiff indicated during the hearing that he received a supplemental response to this request and no longer seeks relief as to this request. Plaintiff's motion is therefore denied as moot as to this request.

### vii. Number 9

Experian indicated during the hearing that it was unsure to which "billing statements" Plaintiff referred in this request for admission. Plaintiff indicated in response that he possesses the billing statements and previously provided copies to Experian. Consequently, Plaintiff shall provide Experian with copies of the specific billing

statements referenced in this request (along with a cover letter or email explaining what they are and why they are being forwarded) and Experian shall provide a supplemental response within 10 days thereafter.

### b. INTERROGATORIES

#### i. Number 1

Experian indicated during the hearing that it already produced all documents responsive to this interrogatory, but would agree to produce an additional document called an "administrative log" as a supplemental response.[1]  Plaintiff's motion is therefore granted to the extent that Experian will produce the "administrative log" referenced at the hearing.

#### ii. Number 2

Plaintiff's motion is granted to the extent that Experian shall respond to the following revised interrogatory: Was there ever a time in the last three years that Experian denied a request from Plaintiff for a credit report and, if so, on what basis was the request denied or deemed insufficient?

#### iii. Number 3

Plaintiff's motion is granted to the extent that Experian shall respond to the following revised interrogatories/requests for production:

(1) Did Plaintiff request a credit report from Experian on or about March 24, 2011?  If yes, then what was Experian's response?  Please identify and produce any documents reflecting the request and response.

---

[1]  Though labeled an "interrogatory," this interrogatory also sought production of documents.

(2) Did Plaintiff request and receive a Vantage Score number from Experian on or about March 8, 2011? If so, what was Experian's response? Please identify and produce any documents reflecting the request and response.

(3) Did Plaintiff provide different identification information in his March 8, 2011 Vantage score request and his March 24, 2011 credit score request? If yes, then please describe the differences.

### iv. Number 4

Experian agreed to respond to this interrogatory as a result of the protective order. Plaintiff's motion is therefore denied as moot as to this interrogatory but Experian shall provide the responses as agreed by the date identified in this order.

### v. Number 5

Plaintiff's motion is granted in part and denied in part as to this interrogatory. The Court agrees that the requested hourly rate information is irrelevant. However, Experian shall provide a supplemental response explaining whether any employee who participated in investigating Plaintiff's claim must meet a quota or must complete investigations in a given amount of time and, if so, Experian must describe the nature of the quota or time limit.

### vi. Number 6

Experian agreed to respond to this interrogatory as a result of the protective order. Plaintiff's motion is therefore denied as moot as to this interrogatory but Experian shall provide the responses as agreed by the date identified in this order.

### vii. Number 7

Plaintiff's motion to compel is granted as to this interrogatory. In responding, however, Experian may, if factually appropriate, state why it contends any assumptions in this interrogatory are incorrect.

### viii. Number 8

After further review of Experian's original response to this interrogatory, Plaintiff indicated he no longer sought relief as to this interrogatory. Plaintiff's motion is therefore denied as moot as to this interrogatory.

### ix. Number 9

Experian agreed to respond to this interrogatory as a result of the protective order. Plaintiff's motion is therefore denied as moot as to this interrogatory but Experian shall provide the responses as agreed by the date identified in this order.

## c. REQUESTS FOR PRODUCTION

### i. Number 1

Plaintiff's motion is granted to the extent that Experian must provide a copy of all subscriber agreement provisions that apply to Stroud's situation (i.e., claim of identity theft).

### ii. Number 2

Plaintiff stated during the hearing that he no longer seeks relief as to this request for production. Plaintiff's motion to compel is therefore denied as moot as to this request.

### iii. Number 3

Experian's counsel represented to the Court that she believes that no document known as a "service agreement" exists that is different from the document referenced in request for production number 2. However, Experian's counsel agreed to confirm whether this additional document exists. Plaintiff's motion is granted to the extent that, *if* this document exists, then Experian shall produce a copy of all service agreement provisions that apply to Stroud's situation (i.e., a claim of identity theft).

### iv. Numbers 4 and 5

Plaintiff stated during the hearing that he no longer seeks relief as to these requests for production. Plaintiff's motion to compel is therefore denied as moot as to this request.

### v. Number 6

During the hearing, the Court was able to clarify that, in making this request, Plaintiff was attempting to discover why Experian deleted the referenced account (because Plaintiff contends it was not on his request). Experian's counsel stated that Experian could provide this information. Plaintiff's motion to compel is therefore granted to the extent that Experian shall provide a supplemental response explaining why

the referenced account was deleted.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 27th day of February, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald Graham

All counsel of record

Pascal A. Stroud, *pro se*