UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22489-CIV-GOODMAN

[CONSENT CASE]

PASCAL A. STROUD,

    Plaintiff,

v.

BANK OF AMERICA, et al.,

    Defendants.

_____/

**INSTRUCTIONS TO PRO SE PLAINTIFF**

**RE: MOTIONS FOR SUMMARY JUDGMENT**

This Matter is before the Court regarding the parties' summary judgment motions. The Undersigned's general practice is to provide *pro se* litigants with procedural guidance on filing and responding to a motion for summary judgment. *See United States v. One Colt Python .357 Cal. Revolver*, 845 F.2d 287, 289 (11th Cir. 1988) ("A motion for summary judgment should only be granted against a litigant without counsel if the court gives clear notice of the need to file affidavits or other responsive materials and of the consequences of default").

Plaintiff is hereby notified that he may file a response in opposition to any summary judgment motion Defendant files for consideration by the Court. *Somerville v. Hall*, 2 F.3d 1563 (11th Cir. 1993); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985); *Moore v. Florida*, 703 F.2d 516 (11th Cir. 1983); *Barker v. Norman*, 651 F.2d 1107 (5th Cir. 1981); *Kibort v. Hampton*, 538 F.2d 90 (5th Cir. 1976).

The attention of the Plaintiff is drawn particularly to all provisions of Federal Rule of Civil Procedure 56, and specifically to that portion of Rule 56(e), which provides:

> If a party fails to properly support an assertion of fact *or fails to properly address another party's assertion of fact* as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

(emphasis added.)

The Plaintiff is also specifically cautioned as follows:

1. Any issue determined by summary judgment will <u>not</u> be tried. If a summary judgment is granted as to all issues, there will be <u>no</u> trial and a final judgment will be entered <u>without</u> further proceedings.

2. The evidence presented in support of a motion for summary judgment may be accepted by the Court as true if it is not contradicted by **affidavits** or other **sworn evidence** such as depositions, submitted by the opposing party.

3. A party cannot rely solely on his complaint and other initial pleadings to win or to oppose summary judgment, but **must** instead provide affidavits, depositions, or other competent evidence, to show either that he is entitled to summary judgment or that there are material issues of fact which require a trial. *Coleman v. Smith*, 828 F.2d 714 (11 Cir. 1987); *Brown v. Shinbaum*, 828 F.2d 707 (11 Cir. 1987).

As noted above, Rule 56 allows a litigant to oppose a summary judgment motion using affidavits.  Generally speaking, an affidavit is a statement of personal knowledge made under oath before a notary public containing the notary's seal.  *See Lamberti v. United States*, 22 F. Supp. 2d 60, 71 (S.D.N.Y. 1998); 2A C.J.S. *Affidavits* § 25 (2011); 3 Am. Jur. 2d *Affidavits* § 1 (2011).  Plaintiff may, if he is able, use affidavits.  But a formal affidavit is not required to oppose summary judgment.

Under 28 U.S.C. § 1746(1), a litigant may instead oppose a summary judgment motion using an unsworn declaration.  This statue specifically provides that:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . .
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

Under this statute, Plaintiff may create an unsworn declaration by signing a document under the penalty of perjury by including the operative language in subsection (2) above.

The above description of the rule governing summary judgment is merely intended to assist a *pro se* litigant.  Plaintiff should not rely solely on the portions of Rule 56 reproduced here.  Plaintiff is encouraged to review the entirety of Rule 56 <u>carefully</u>

and to consult any other resources on summary judgment available to him.  If Plaintiff is unsuccessful in opposing Defendant's motion, then Plaintiff will not be permitted relief from any such order or judgment premised on his ignorance of the law governing summary judgment.

The Undersigned's practice is normally to enter these instructions immediately when a motion for summary judgment is filed against an unrepresented party and before any responses are filed.  However, this case was not referred to the Undersigned for trial until after the responses were already filed.  Consequently, Plaintiff shall have until **May 24, 2012** to submit modified versions of his summary judgment responses and exhibits, if he believes it is necessary in light of these instructions.  By providing this opportunity, the Court is not suggesting whether Plaintiff should submit modified responses and exhibits.  Rather, the Court is merely providing Plaintiff with the opportunity to do so if he believes it is appropriate.  Defendants may reply to any modified responses by **June 11, 2012**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 10th Day of May, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

Pascal Stroud, *pro se*
Via email and U.S. Mail

All counsel of record

4