UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-22489-CIV-GOODMAN

[CONSENT CASE]

PASCAL A. STROUD,

    Plaintiff,

v.

BANK OF AMERICA, et al.,

    Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTIONS IN LIMINE

THIS CAUSE is before the Court on Plaintiff Pascal A. Stroud's motions in limine. [ECF Nos. 116; 117]. The Court has reviewed the motions, Defendant Bank of America's (n/k/a FIA Card Services, N.A.)[1] response [ECF No. 131], and held a hearing on the motions. [ECF Nos. 89, pp. 8-9; 131; 142]. For the reasons below, the Undersigned **DENIES** Stroud's motions in limine.

---

[1] According to Bank of America's summary judgment motion, it merged with MBNA American Bank, N.A. in October 2006 to form FIA Card Services, N.A. [ECF No. 80, ¶ 4]. Because the docket for this case lists Bank of America as the Defendant, for purposes of this order the Undersigned will refer to this party as Bank of America.

1

I.  DISCUSSION

This Court is required to construe pro se filings liberally. *Moghaddam-Trimble v. S. Fla. Water Mgmt. Dist.*, No. 11–14040, 2012 WL 2685207, at *1 n.2 (11th Cir. July 9, 2012). Although he labeled his filings as motions in limine, Stroud does not appear to seek a ruling on the trial admissibility of any evidence. Rather, he appears to be objecting, pursuant to Federal Rule of Civil Procedure 56(c)(2), to evidence submitted by Defendants Bank of America and CACH, LLC in support of their summary judgment motions.[2] *See Branch Banking & Trust Co. v. Broaderip*, No. 10-00289-KD-C, 2011 WL 3511774, at *1 n.1 (S.D. Ala. Aug. 11, 2011).[3]

Stroud objects to the following evidence submitted in connection with Defendants' summary judgment motions: (1) the declaration of George Driver IV, submitted by Bank of America [ECF No. 78-5]; (2)-(3) two affidavits attached

---

[2]   If the Court denies the still-pending summary judgment motions, then this case will go to trial. If that occurs, and if Stroud still believes there is a legal basis to exclude from evidence at trial the documents at issue in his motions, then the Court will allow him to challenge the admissibility of the evidence at that time. The Undersigned also cautions that the rulings on these exhibits here with regard to summary judgment do not relieve Defendants from establishing the admissibility of these or similar exhibits at trial (if a trial occurs).

[3]   *Broaderip* noted that the proper method for disputing evidence at the summary judgment stage is to file an objection pursuant to Rule 56(c)(2) and further observed that "[t]here is no need to make a separate motion to strike" the disputed evidence because "failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial."

to the affidavit of Jay Mills, submitted by CACH but authored by Bank of America/FIA employees; (4) a Bank of America "cardmember agreement;" and (5) all Bank of America account statements. The Undersigned will address these in turn.

### a. DRIVER DECLARATION

The majority of Stroud's eleven-page motion addresses Driver's declaration and it appears that his arguments regarding the declaration are of three general types.[4]

First, Stroud contends that Driver gets the facts wrong in his affidavit. This objection is overruled. If Stroud disagrees with the facts as declared by Driver, then Stroud's remedy under Federal Rule of Civil Procedure 56(c)(2) is to point to his own contrary evidence. The Court notes that Stroud was provided pro se instructions regarding the need to present his own evidence and counter-facts in response to the summary judgment motions and the Court will consider all of Stroud's arguments in that regard when ruling on those motions. [ECF No. 127]. However, the Court concludes that Stroud's mere disagreement with the factual conclusions in Driver's declaration, in and of itself, is not a ground for an objection under Rule 56 as long as the affidavit is otherwise proper.

---

[4] The Court notes that there may be additional reasons for denying Stroud's motion as to Driver's affidavit, however, because the Court can overrule the objection on these grounds, it is unnecessary to discuss additional rationales.

Second, Stroud argues that Driver is not competent to testify to the facts outlined in his declaration or to verify the authenticity of the records discussed in the declaration because he does not have personal knowledge of the records or events. Stroud points out that the relevant events (and records concerning those events) occurred before FIA was created in 2006 and Driver, according to his declaration, did not begin his employment with FIA until 2007. The Court overrules this objection because Driver's declaration does, in fact, appear to be based upon Driver's personal knowledge.[5] In his affidavit, Driver discusses the steps he *personally* took to investigate Stroud's claims of identity theft. Driver also states he is responsible for obtaining and examining FIA's records with regard to Stroud's account and that he did, in fact, examine those records and has knowledge of their contents. [*E.g.*, ECF No. 78-5, ¶¶ 2, 6, 11]. *See also Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458, at *3-4 (N.D. Ill. Feb. 18, 2009) (rejecting similar challenge to an affidavit and attached documents and adopting theory that "the bank was not required to provide testimony from a witness with personal knowledge regarding the maintenance of the predecessors' business records because the bank's own reliance on this type

---

[5] Federal Rule of Civil Procedure 56(c) provides only that: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A cursory examination of Driver's declaration indicates that these requirements are met for summary judgment purposes.

of record keeping by others rendered the records the equivalent of the bank's own records").

Third, Stroud appears to suggest that Driver's affidavit is improper because Driver relies on non-authenticated documents that would be inadmissible at trial. The Court also rejects this objection. It appears plain from Driver's affidavit, as well as from his supplemental affidavit submitted with Bank of America's response to this motion [ECF No. 131-1], that the records at issue could be reduced to admissible evidence at trial as business records under Federal Rule of Evidence 403. *See Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 112 (11th Cir. 2010) (affirming denial of motion to strike declaration because the "documents attached to the Declaration are either non-hearsay or could be reduced to admissible form"). Moreover, as Bank of America asserts, Driver refers to these records not necessarily to prove the truth of the matters asserted in the records, but, instead, largely to demonstrate that these records existed and were in the bank's possession as part of its reasonable investigation defense to Stroud's claims.

Therefore, the Court **OVERRULES** Stroud's objections pertaining to Driver's declaration and the related documents. *See Krawczyk*, 2009 WL 395458, at *3-4.

### b. TWO AFFIDAVITS

Stroud objects to the Court's consideration of two affidavits attached to the affidavit of Jay Mills, CACH's authorized agent, which itself was filed in support of CACH's motion for summary judgment. [ECF No. 89, pp. 8-9]. These affidavits were authored by two individuals with the last names Rice and Stephenson. [*See* ECF Nos. 116, p. 9; 131, p. 2, n.2]. These individuals executed affidavits of sale that appear to have been given to CACH when Stroud's alleged debt was transferred from FIA to CACH.

CACH does not appear to have filed a response to this motion. Nonetheless, there does not appear to be any reason to sustain Stroud's objection to these affidavits. In fact, it is difficult to decipher precisely what *legal* objection Stroud takes with these affidavits. Stroud appears only to express his factual disagreement with certain conclusions made in the affidavits, to complain that the affidavits themselves lack attachments, and to allege that the affiants lacked the necessary competency to make the allegations contained in the affidavits. However, while the Court takes no position at this time on the factual accuracy of the statements made in these affidavits, the Court fails to discern any legal invalidity to these affidavits. Both affiants allege merely that the party selling the debt (Bank of America in the first and then FIA in the second) employs them, that they examined the business records of their employer, and that the

information they discuss about Stroud's alleged debt is accurate according to their employer's records. On the face of these affidavits, the affiants appear to have been perfectly competent to make these affidavits and Stroud has identified no legal requirement that such an affidavit must itself have attachments.

Consequently, the Court also **OVERRULES** this objection.

### c. CARD MEMBER AGREEMENT

Stroud requests that the Court strike from the record what he refers to as a "Bank of America's Cardmember Agreement." [ECF No. 117, p. 10]. However, as best the Court can tell, Stroud does not identify the specific document to which he objects. Stroud does refer to a 1999 "BOA card member agreement" in relation to the Rice affidavit, but, again, even there he does not identify where the objected-to document can be located. As a result, the Court **OVERRULES** this objection for lack of specificity.

### d. ACCOUNT STATEMENTS

Stroud objects to and asks the Court to strike "all BOA account statements that ha[ve] been proffered as they are not shown to be authenticated as FIA [has] existe[d] only [since] . . . 2006." The Court **OVERRULES** this objection for two reasons. First, Stroud has again failed to identify specifically *which* documents he is referencing. The record in this case is thousands of pages long and contains a variety of documents from Bank of America. The Court cannot guess which

documents he is referring to in his motion. Second, even assuming the relevant statements are those attached to Driver's affidavit as Exhibit A [ECF No. 78-5, pp. 9-56], Driver's affidavit is sufficient to authenticate these documents for summary judgment purposes because Stroud has not shown that Bank of America could not have Driver, or another records custodian, appear at trial to authenticate the statements. *See Saunders*, 360 F. App'x at 112 (affirming denial of motion to strike declaration because the "documents attached to the Declaration are either non-hearsay or could be reduced to admissible form").

### e. PLAINTIFF'S PERSONAL CHECKS

In his second motion in limine [ECF No. 117], Stroud contends that Driver is not competent to authenticate the personal check copies attached to Driver's affidavit or to discuss records of alleged payments Stroud made on the account between 2002 and 2006 because it involved events that occurred and documents created before FIA existed or Driver worked for FIA.

The Court also **OVERRULES** this objection. Stroud points to no legal authority supporting the proposition that the records custodian of a post-merger successor company cannot examine the contents of records retained from one of the merged companies and authenticate them for summary judgment purposes. In fact, other courts have specifically allowed this practice. *See e.g., Krawczyk*, 2009 WL 395458, at *3-4.

## II. CONCLUSIONS

For the reasons discussed above, the Court **DENIES** Stroud's motions in limine. [ECF Nos. 116; 117]. However, if this case goes to trial and Stroud still believes there is a legal basis to exclude from evidence the documents at issue in his motions, then the Court will allow him to challenge the admissibility of these documents at that time (assuming, of course, that Defendants seek admission of all of these documents).

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 1st day of August, 2012.

Jonathan Goodman
United States Magistrate Judge

**Copies furnished to:**

All counsel of record
Pascal A. Stroud, *pro se*